JOHN D. MAXEY (SBN: 117617)
DUDUGJIAN & MAXEY
A LAW CORPORATION
13 SIERRAGATE PLAZA BLDG B
ROSEVILLE, CALIFORNIA 95678
Telephone: (916) 786-7272

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>UNITED GAS AND FOOD, INC.,<br><br>Debtor. | Case No. 15-26612-C-11<br>Chapter 11<br>Docket Control # JDM-009<br><br>Date: March 7, 2017<br>Time: 10:30 a.m.<br>Place: Dept C, Courtroom 35<br>501 I Street, 6th Floor<br>Sacramento, CA 95814<br>Judge: Christopher M. Klein |

**DEBTOR'S MOTION TO APPROVE THE SALE OF REAL ESTATE AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 105 and 363(b)**

Debtor UNITED GAS AND FOOD, INC., by and through its undersigned counsel, and pursuant to 11 U.S.C. §§105 and 363(b) and (f) and Fed.R.Bankr.P. 2002(a)(2) and 6004, files this Motion (the "Sale Motion") to Approve the Sale of the Real Estate and Personal Property of Debtor Free and Clear of Liens, Claims, Encumbrances and Interests, and in support thereof states as follows:

**JURISDICTION AND VENUE**

This Court has jurisdiction over this Sale Motion pursuant to 28 U.S.C. §§157 and 1334.



DUDUGJIAN & MAXEY
A Law Corporation
13 SierraGate Plaza Bldg. B
Roseville, CA 95678

Venue of the case in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

**BACKGROUND**

Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("the Bankruptcy Code") on August 20, 2016. The Debtor is managing its affairs as debtor in possession pursuant to section 1106 and 1108 of the Bankruptcy Code.

Debtor is the owner of certain real property located at 1481 Meadowview Rd., Sacramento, California 95832, consisting of the land, together with all buildings, improvements, easements and appurtenances thereon and thereto (the "Property"). Debtor presently operates the convenience store and Valero-branded retail motor fuel station located at the property (the "Business").

Debtor desires to sell the Property, the Business, the related personal property used to operate the Business, as more fully set forth in the agreement, owned by Debtor and exclusively used in the operation of the Business, and the fuel and merchandise inventory, which is owned by Debtor and located at the Property. The Property, the Business, and the Personal Property are referred to as the **"'Assets".**

Pursuant to the terms of the confirmed Chapter 11 Plan of Reorganization, all claims will be paid in full, in cash, from sale of Debtor's Assets. The deadline for close of escrow on the Assets is December 31, 2016. If escrow does not close by December 31, 2016, the case will convert to Chapter 7. Although Debtor obtained court approval of sale of the Assets (see, Doc #137), the prospective buyers withdrew their offers to purchase the Assets, and escrow did not close as required on December 31, 2016. At the Status Conference on January 24, 2017, the Court continued the status conference to 2/7/17 requiring Debtor to file all delinquent operating reports otherwise the case will be converted to a case under chapter 7. If the monthly operating reports are up-to-date by the February 7 continued hearing date, the status conference to be further continued to April 4, 2017



DUDUGJIAN & MAXEY
A Law Corporation
13 SierraGate Plaza Bldg. B
Roseville, CA 95678

at 10:30 a.m. On February 1, 2017, Debtor filed its operating reports (see, Doc #s 145, 146, and 147.)

The Debtor and its Broker have been working diligently with one of the prospective buyers, Mike Amidi, to renegotiate the offer to purchase the Property.

After substantial negotiations with Mr. Amidi, the Debtor accepted an offer and entered into a Standard Offer, Agreement and Escrow Instructions for Purchase of Real Estate, and Addendum(s) (collectively the "Agreement") for the sale of the Assets free and clear of any interest therein to Mike Amidi and/or Assignee ("Buyer") for a total purchase price of $2,900,000 (the "**Purchase Price**"), to be paid by the Buyer in cash upon closing. A copy of the Agreement is filed herewith as Exhibit A. See, declarations of Muhammad Latif and LJ Mismas filed and served concurrently herewith.

The Agreement has no contingencies, has a close of escrow date on or before March 16, 2017 and simply needs this Court's approval. The Broker has had extensive communication with Buyer and is confident that the transaction will close. The Buyer has provided proof of funds necessary to comply with the terms of the Agreement. The Buyer has deposited the sum of $40,000 into escrow with Old Republic Title Co. See, Exhibit B.

The Debtor has determined in its business judgment that the Buyer's offer, which was the result of the extensive sale efforts led by Broker, is the highest and best offer attainable. The Debtor believes the private sale efforts, upon considering the extensive pre-petition sale efforts, have resulted in an arms-length, fair value transaction which will result in payment of all net proceeds from the sale in accordance with the terms of the Confirmed Plan.

The Property shall be sold, transferred and conveyed by the Debtor to the Buyer at the Closing free and clear of all Encumbrances, pursuant to Section 363 of the Bankruptcy Code and an order of this Court granting this Motion (the "**Approval Order**").

DUDUGJIAN & MAXEY
A Law Corporation
13 SierraGate Plaza Bldg. B
Roseville, CA 95678

**SALE OF THE ASSETS**

As previously mentioned, the Debtor has entered into an Agreement for the purchase of the Assets by Mike Amidi and/or Assignee.

The secured debt on the Debtor's Assets is as follows: (1) Secured claim of Merchants Bank of California, N.A. in the amount of $1,535,855.84, as of December 1, 2016; (2) Secured claim of the Internal Revenue Service in the amount of $2,590.67; (3) Secured claim of Insight Environmental, Inc. in the amount of $361,661.19; and, (4) Secured claim of State Board of Equalization in the amount of $25,321.29.

The Debtor believes that the sale of the Assets of the Debtor is in the best interest of all creditors and will be sufficient to pay all creditor claims pursuant to the terms of the Confirmed Plan.

Accordingly, in the exercise of its sound business judgment, the Debtor believes that the sale of the Assets at this time is in the best interests of the Debtor, its estate and its creditors.

The Debtor has conducted an investigation of the Assets and has evaluated its options regarding the sale. As a result thereof, the Debtor believes that the respective offer for the Assets set forth herein represents the best offer for the Assets.

**AUTHORITY TO SELL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**

By this Motion, the Debtor requests that this Court, pursuant to Section 363(b), (f) and (m) of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure, approve the Agreement and the sale of the Assets to the Buyer free and clear of all encumbrances.

The Bankruptcy Code provides the authority for the Debtor to sell the real and personal property free and clear of all liens, claims, encumbrances and interests. 11 U.S.C. §363(b)(1) provides that the Debtor, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate.

DUDUGJIAN & MAXEY
A Law Corporation
13 SierraGate Plaza Bldg. B
Roseville, CA 95678

11 U.S.C. §363(f) states that the debtor may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Section 363 is made applicable by the provisions of the confirmed Plan in this case. Section 363(b)(1) of Title 11 authorizes sales of property of the estate "other than in the ordinary course of business." 11 U.S.C. § 363(b)(1); see also *In re Lionel Corp*., 722 F.2d 1063, 1071 (2d Cir. 1983) (requiring business justification). Liquidation of estate assets is an appropriate restructuring purpose in a Chapter 11 reorganization case. See, e.g., 11 U.S.C. § 1123(a)(5) (listing a sale of all or part of property of the estate as a means for implementing a Chapter 11 plan).

Section 363(b)(1) states that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts usually defer to the business judgment of a debtor in deciding whether or not to authorize a debtor to sell property outside the ordinary course of business. *See e.g., In re Continental Airlines, Inc.*, 780 .2d 1223 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Mason's Nursing Center, Inc.*, 73 E.R. 360, 362 (Bankr. S.D. Fla. 1987).

In considering whether a debtor is justified in selling assets outside the ordinary course of business, courts consider four factors: (1) a sound business reason or emergency justifies a pre-confirmation sale; (2) adequate and reasonable notice of the sale was provided through interested parties; (3) the sale has been proposed in good faith; and (4) the purchase price is fair and reasonable.

DUDUGJIAN & MAXEY
A Law Corporation
13 SierraGate Plaza Bldg. B
Roseville, CA 95678

For all of the reasons set forth in this Motion, the Debtor, through the exercise of its business judgment, has determined that the sale of the Assets to the Buyer and the other transactions set forth in the Agreement are in the best interests of the Debtor, its creditors and the estate. The Debtor has been engaged in efforts to market the Property and has determined that the proposed Purchase Price offered by the Buyer is reasonable, represents fair market value, and the proposed sale is in the best interests of the estate.

Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure specifically provides that "sales not in the ordinary course of business may be by private sale or by public auction."

"A large measure of discretion is available to a bankruptcy court in determining whether a private sale should be approved." *Matter of Embrace Sys. Corp.*, 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995). A private sale under § 363 of the Bankruptcy Code can be approved by the bankruptcy court if the debtor or trustee shows good cause to depart from the typical sale process subject to higher and better offers. *See In re Dewey & Leboeuf LLP*, No. 12-12321 MG, 2012 WL 5386276, at *6 (Bankr. S.D.N.Y. Nov. 1, 2012) (holding private sale was warranted due to added cost of auction process). Indeed, "a § 363(b) sale transaction does not require an auction procedure. The auction procedure has developed over the years as an effective means for producing an arm's length fair value transaction." *In Re Trans World Airlines, Inc.*, No. 01-00056(PJW), 2001 WL 1820326, at *4 (Bankr. D. Del. Apr. 2, 2001).

The sale of assets to the Buyer as contemplated herein achieves an arms-length, fair value transaction. Because the Assets have been extensively marketed by Debtor and/or Broker over a lengthy period, the Debtor believes that the sale proposed herein achieves the maximum value for the Assets. To that end, the Debtor engaged Broker and underwent an extensive marketing process in an effort to unearth the highest bidder for the Assets. Broker was successful in securing a

DUDUGJIAN & MAXEY
A Law Corporation
13 SierraGate Plaza Bldg. B
Roseville, CA 95678

potential purchaser who is in a unique position to afford a cash offer to consummate the purchase of the Assets. The Agreement was negotiated in good faith and at arm's length between the Buyer and the Debtor.

The Debtor requests that the Court enter an order waiving the 14-day stay set forth in Rules 6004(g) of the Federal Rules of Bankruptcy Procedure and providing that the order granting this Motion be immediately enforceable and that the closing under the Agreement may occur immediately.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests the entry of an order granting this Sale Motion, including approving the Agreement, approving the sale of the Assets free and clear of all liens, claims, encumbrances, and interests, and grant such other and further relief as is just and proper.

Dated: 2/2/17

DUDUGJIAN & MAXEY
A Law Corporation

By: /s/ John D. Maxey
JOHN D. MAXEY
Attorneys for Debtor

DUDUGJIAN & MAXEY
A Law Corporation
13 SierraGate Plaza Bldg. B
Roseville, CA 95678